UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LIONEL FRANCIS (#470626)

VERSUS                                              CIVIL ACTION

STEPHEN MILLER, ET AL                               NUMBER 14-578-BAJ-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 13, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LIONEL FRANCIS (#470626)

VERSUS                                                    CIVIL ACTION

STEPHEN MILLER, ET AL                           NUMBER 14-578-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion to Dismiss filed by defendant Warden Burl Cain. Record document number 10. The motion is not opposed.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain and Msgt. Stephen Miller. Plaintiff alleged that his constitutional rights were violated by Msgt. Stephen Miller when he sexually assaulted and verbally abused the plaintiff.

**I. Factual Allegations**

Plaintiff alleged that on November 22, 2013, while in the holding cell at the R.E. Barrow Treatment Center, Msgt. Miller ordered him to turn around in order to remove the padlock from the plaintiff's restraints. Plaintiff alleged that Msgt. Miller deliberately poked him between the cheeks of his buttocks with a brass key. Plaintiff alleged that when he screamed, Msgt. Miller

laughed and made a joke. Plaintiff alleged that Msgt. Miller wrote a false disciplinary report accusing the plaintiff of making vulgar comments about him and Lt. Murray and then he read the disciplinary report aloud to amuse the other inmates on the tier. Plaintiff alleged that Msgt. Miller then placed the disciplinary report inside a desk. Plaintiff alleged that he told Lt. Murray about the false disciplinary report. Plaintiff alleged that Lt. Murray retrieved the disciplinary report and questioned Msgt. Miller about the report. Plaintiff alleged that when Msgt. Miller told Lt. Murray he was "just playing," Lt. Murray admonished Msgt. Miller and then destroyed the disciplinary report. Plaintiff alleged that he filed an Administrative Remedy Procedure ("ARP") which was denied at the First Step by Warden Cain.

## II. Applicable Law and Analysis

### A. Motion to Dismiss Standard

Defendant Warden Burl Cain moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.[1]

---

[1] According to the Process Receipt and Return, Form USM-285, service was not accepted on behalf of Msgt. Stephen Miller because he is no longer employed by the Department of Corrections. Record document number 7. Notice of the return was provided to the plaintiff on October 7, 2014. Nothing in the record indicates that the plaintiff has provided the U.S. Marshal with the additional information needed to serve this defendant, or has taken any other action to have this defendant served. Nor has the plaintiff sought additional time to serve this defendant. This defendant has not
(continued...)

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to

---

[1](...continued)
filed an answer or other responsive pleading, he has not otherwise made an appearance, and he did not participate in the defendant's Motion to Dismiss.

less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

**B. Respondeat Superior**

Plaintiff named Warden Cain as a defendant but failed to allege any facts against him which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden Cain is responsible for the actions of his subordinate is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the

Motion to Dismiss filed by defendant Warden Burl Cain be granted, that the claims against him be dismissed.

It is further recommended that the claims against Mst. Stephen Miller be dismissed pursuant to Rule 4(m), Fed.R.Civ.P., unless within such time as fixed by the district judge the plaintiff shows cause, in writing, why his claims against this defendant should not be dismissed for failure to timely serve him.

Baton Rouge, Louisiana, March 13, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE