UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LIONEL FRANCIS (#470626)

VERSUS

STEPHEN MILLER, ET AL

CIVIL ACTION

NUMBER 14-578-BAJ-SCR

## RULING ON ORDER TO SHOW CAUSE
### and
## ORDER TO FILE LAST KNOWN ADDRESS

Before the Court is the Order to the Plaintiff to Show Cause why his claims against Defendant Stephen Miller should not be dismissed for failure to effect timely service. Record document number 16.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain and Msgt. Stephen Miller. Plaintiff alleged that Msgt. Stephen Miller sexually assaulted and verbally abused him in violation of his constitutional rights.[1]

Plaintiff was ordered to show cause on or before April 17, 2015, why his claims against Defendant Stephen Miller should not be dismissed for failure to effect timely service.

Under Rule 4(m) a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. *Thompson v.*

---

[1] Plaintiff's claims against Warden Burl Cain were previously dismissed. Record document number 16.

*Brown*, 91 F.3d 20, 21 (5th Cir. 1996). However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. *Id.*

To establish good cause, a plaintiff has the burden of demonstrating "*at least* as much as would be required to show excusable neglect...." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice...." *Id.* In addition, "some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required." *Id.* (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (1969)). It is "irrelevant that the defendant not served within the 120-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days." *Id.* at 1305-06.

An incarcerated pro se plaintiff is "entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such fault is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). However, if the failure to timely effect service is due to the "dilatoriness or fault" of the plaintiff, he will be unable to show good cause for such failure. *Id.*

Summons was issued on September 15, 2014. According to the Process Receipt and Return, From USM-285, service was not accepted on behalf of Msgt. Stephen Miller because he is no longer employed by the Department of Corrections.[2]

---

[2] Record document number 7.

2

In response to the show cause order, the plaintiff explained that he sent a letter to the court requesting assistance in obtaining the last known address of Defendant Stephen Miller.

The record evidence supports a finding that the Plaintiff has shown good cause for failure to timely effect service.

Therefore;

IT IS ORDERED that any defendant knowing a current residence, work or business address for Defendant Stephen Miller provide it to the clerk of court, under seal, within 10 days so that Defendant Stephen Miller may be served with process. In the event no defendant has a current address at which Defendant Stephen Miller may be served, it will be the plaintiff's responsibility to provide the clerk of court with an address at which Defendant Stephen Miller may be served.

IT IS FURTHER ORDERED that upon the last known address of Defendant Stephen Miller being filed with the court, the defendant be served with a copy of the complaint in accordance with law.

IT IS FURTHER ORDERED that the United States Marshal is to serve the Defendant Stephen Miller wherever found.

Baton Rouge, Louisiana, April 20, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA