UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LIONEL FRANCIS (#470626)                          CIVIL ACTION

VERSUS

STEPHEN MILLER, ET AL.                            NO. 14-0578-BAJ-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 30, 2016.

ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LIONEL FRANCIS (#470626)**                          **CIVIL ACTION**

**VERSUS**

**STEPHEN MILLER, ET AL.**                              **NO. 14-0578-BAJ-EWD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Partial Summary Judgment of Defendant Stephen Miller (R. Doc. 30). This motion is opposed.

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against former Warden Burl Cain and MSgt. Stephen Miller, alleging that his constitutional rights were violated on November 22, 2013, when Defendant Miller subjected Plaintiff to a sexual assault and to verbal abuse. Pursuant to a prior Magistrate Judge's Report in this case (R. Doc. 15), approved by the District Judge on April 2, 2015 (R. Doc. 16), Plaintiff's claims asserted against Defendant Burl Cain have been dismissed.

Defendant Miller now moves for partial summary judgment, relying upon the pleadings and a Statement of Undisputed Facts.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v.*

*Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, as amended, Plaintiff alleges that on November 22, 2013, he was in a holding cell at the R.E. Barrow Treatment Center at LSP when Defendant Miller approached and ordered Plaintiff to turn around, ostensibly so that Defendant Miller could remove the padlock from Plaintiff's restraints. Plaintiff alleges that he complied with this command, and Defendant Miller then deliberately poked Plaintiff between the cheeks of his buttocks with a brass key. Plaintiff alleges that he screamed out, but Defendant Miller merely laughed and made sexually offensive comments about Plaintiff for other inmates to hear. Plaintiff alleges that MSgt. Miller

then wrote a false disciplinary report accusing Plaintiff of making vulgar comments about Defendant. Plaintiff also alleges that Defendant Miller read the report aloud to amuse other inmates on the tier. According to Plaintiff, Defendant Miller then placed the disciplinary report in a desk drawer and refused to respond to Plaintiff's requests for medical assistance. When Plaintiff later told a supervising officer, Lt. Murray, about the false disciplinary report, Lt. Murray retrieved it from the desk drawer and questioned Defendant Miller about it, who allegedly responded that he was "just playing." Lt. Murray then allegedly admonished Defendant Miller and destroyed the referenced disciplinary report. According to Plaintiff, no medical attention was provided until several hours after the incident.

In response to Plaintiff's allegations, Defendant Miller first asserts that Plaintiff has failed to state a viable claim against Defendant Miller in an official capacity.[1] The Court finds that Defendant Miller is correct in this regard. Specifically, 42 U.S.C. § 1983 does not provide a federal forum for a litigant seeking to recover monetary damages against a state official acting in an official capacity because such an official is not seen to be a "person" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989); *see also Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Additionally, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity claims and made clear that a claim asserted against a state official in an official capacity for monetary damages is treated as essentially a claim asserted against the state and is therefore barred by the Eleventh Amendment. *Id.* at 25. Accordingly, Plaintiff's claim for monetary damages asserted against Defendant Miller in an official capacity is subject to dismissal. In

---

1. In a Verified Amended Complaint (R. Doc. 32), Plaintiff makes clear that he is suing Defendant Miller in both an individual and an official capacity.

contrast, Plaintiff's claim for monetary damages asserted against Defendant Miller in an individual capacity remains theoretically viable because a claim for monetary damages asserted against a state official in an individual capacity, seeking to impose personal liability for actions taken by the official under color of state law, is not treated as a suit against the state.  *Id.* at 29.

Turning to a consideration of Plaintiff's claims that are not barred by the Eleventh Amendment, Defendant Miller next seeks dismissal of Plaintiff's claim that Defendant Miller subjected Plaintiff to verbal abuse and taunts on November 22, 2013.   Defendant Miller is correct that Plaintiff's allegations in this regard do not present an actionable claim under § 1983. Specifically, a claim of verbal abuse and harassment is simply not cognizable in a federal civil rights action.  *See Jane Doe 5 v. City of Haltom City*, 106 Fed. Appx. 906, 908 (5th Cir. 2004) ("Verbal sexual harassment does not violate a detainee or inmate's constitutional rights"); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983"); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983"); *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983").   In addition, any suggestion that the verbal abuse engaged in by Defendant Miller resulted in harm to Plaintiff's reputation with co-inmates on the cell tier is also without constitutional merit.   A claim of injury solely to reputation is insufficient to establish liability under § 1983.  *See, e.g., Paul v. David*, 424 U.S. 693, 711-12 (1976) (concluding that damage to reputation alone does not implicate a "liberty" or "property" interest sufficient to invoke due process protections under § 1983); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (same); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (finding that injury to reputation as a result of libel or slander in a false prison report does not give rise to § 1983 liability); *West v. Scott*, 2015

WL 6460046, *5 (N.D. Tex. Oct. 23, 2015) (same).  Accordingly, Plaintiff's claim that Defendant Miller caused injury to Plaintiff's reputation is without arguable basis in law and should be dismissed.

Defendant Miller next seeks dismissal of Plaintiff's claim that Defendant Miller violated prison rules and regulations by engaging in the conduct alleged.  Defendant Miller is again correct in asserting that this claim is not one of constitutional dimension.  The law is clear that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process."  *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006), *quoting Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Jackson v. Cain*, 864 F.2d 1235, 1253 (5th Cir. 1989).  *See also Woodard v. Andrus*, 419 F.3d 348, 1252-53 (5th Cir. 2005) ("[A] violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights").  Accordingly, to the extent that Defendant Miller may be found to have violated prison rules or regulations on November 22, 2013, this conduct does not rise to the level of a constitutional violation cognizable under § 1983.

Finally, Defendant Miller seeks dismissal of Plaintiff's claim that Defendant Miller issued Plaintiff a false disciplinary charge on the referenced date.  This claim, as well, is without constitutional merit.  In the first place, the referenced disciplinary report written by Defendant Miller was never utilized and was instead destroyed by Lt. Murray.  As a result, Plaintiff was not in fact charged or punished for any rule violation arising out of the events of that date.  Further, and in any event, a claim regarding the issuance of a false disciplinary report, without more, fails to state a claim of federal constitutional dimension cognizable under 42 U.S.C. § 1983.  Specifically, the law is clear that the mere issuance of one or more false disciplinary reports and the imposition of resulting punishment does not alone amount to a constitutional violation.  *See*

*Grant v. Thomas,* 37 F.3d 632 (5th Cir. 1994), *citing Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) ("[T]here is no due process violation if a prisoner, who is falsely accused of charges, is given an adequate state procedural remedy to challenge the accusations").  Accordingly, this claim is also subject to dismissal.

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if Plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367.  In the instant case, upon a consideration of the claims remaining before the Court, the Court further recommends that supplemental jurisdiction be declined in connection with Plaintiff's potential state law claims.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over Plaintiff's potential state law claims and that the Motion for Partial Summary Judgment of Defendant Stephen Miller (R. Doc. 30) be granted, dismissing Plaintiff's claims of (1) verbal abuse and harassment, (2) failure to adhere to prison rules and regulations, and (3) issuance of a false disciplinary report, and that this action be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on June 30, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**